IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JUDY MCADOO<br>         Plaintiff,<br><br>v.<br><br>1. VICI COMMUNITY<br>   DEVELOPMENT CORP,<br>2. CINDY ARNOLD,<br>   and<br>6. AMANDA GRESHAM,<br>         Defendants | Case No.:  CIV-19-515-R |

# COMPLAINT

1.   The Plaintiff, Judy McAdoo, brings this action against the Defendants for violations of the Fair Housing Act and the Fair Housing Amendments Act, **42 U.S.C.A. §§ 3601-3619**, the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. § 1451, et. seq**., the United Department of Agriculture Multifamily Housing Regulations, **7 C.F.R. § 3560**, et seq., the Rehabilitation Act of 1973, Section 504, the Oklahoma Residential Landlord and Tenant Act, **41 O.S. § 101, et seq**., and for common law Breach of Contract.

2.   The Defendants have retaliated against the Plaintiff because she assisted another disabled tenant in her exercise of rights protected under fair housing laws.

3. The Defendants have refused to grant reasonable accommodations for persons with disabilities in violation of the federal Fair Housing Act, and the Oklahoma Discrimination in Housing Act.

4. The Defendants have denied housing to the Plaintiff because of her association with another disabled person, in violation of the Fair Housing Act and the Oklahoma Discrimination in Housing Act.

5. The Defendants have made rental housing available to the Plaintiff on different terms, conditions, and privileges than to other tenants on the basis of her association with a disabled person.

6. The Defendants have made discriminatory statements to the Plaintiff, on the basis of her sex, in violation of the Fair Housing Act and the Oklahoma Discrimination in Housing Act.

7. The Defendants have failed to comply with the USDA rules and regulations by issuing untimely notices for recertification and by failing to recertify the Plaintiff after timely receiving all information that was necessary to recertify her.

8. The Defendants have failed to comply with USDA rules by giving the Plaintiff a shorter period to recertify than other tenants who participate in the same USDA rental assistance program.

9. The Defendants have denied the Plaintiff, a person with a disability, an equal opportunity to participate in a federally-assisted program, for which she

qualified, by requiring her to recertify for rental assistance in a shorter period than provided to other non-disabled elderly tenants.

10. The Defendants have changed lease rules without proper notice to tenants as is required by State law and the USDA regulations.

11. The Defendants have issued notices of lease violations that do not comply with the requirements of State law or the USDA regulations and rules.

12. The Defendants have terminated the Plaintiff's lease in violation of State law and the USDA regulations.

13. The Defendants, as the Plaintiff's landlord, have violated the Oklahoma Residential Landlord and Tenant Act by refusing to maintain the leased premises, including its provided appliances, in a safe and sanitary condition.

14. The Defendants have breached the terms of the lease agreement by violating the Fair Housing Act, the Oklahoma Discrimination in Housing Act, the USDA regulations and rules, The Rehabilitation Act of 1973, Section 504, and the Oklahoma Residential Landlord and Tenant Act.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over the Plaintiff's claims brought under the Fair Housing Act pursuant to 28 U.S.C. §§ 1331, 1343, and jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

16. This Court has personal jurisdiction over the Defendants because the Defendants conduct business in the Western District of Oklahoma, in Dewey County, are registered entities in the State of Oklahoma, and/or reside in the Western District of Oklahoma, and the Plaintiff's claims for relief arise from the Defendants' conduct that occurred in the Western District of Oklahoma, Dewey County.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) because all or a substantial part of the acts and omissions of the Defendants giving rise to this action occurred in the Western District of Oklahoma.

## PARTIES

18. Judy McAdoo is a 73-year-old renter/tenant in the Vici Manor Apartments located in Dewey County, Vici, Oklahoma. She has multiple physical disabilities. Ms. McAdoo has had portions of both of her knees replaced and has other bone and blood problems. Ms. McAdoo's knee problems substantially impair her ability to walk, to bend, and to kneel on the floor. She receives SSI benefits, of less than $1,000 monthly, as her only income. Ms. McAdoo has been friends for many years with Ms. Arleta Watson, a fellow tenant, who is also disabled.

19. Vici Community Development Corporation is an Oklahoma corporation. It owns Vici Manor Apartments - a sixteen-unit multi-family housing complex for the elderly, located at 300 West 8th Street, Vici, Oklahoma, 73859 in Dewey County in the Western District of Oklahoma. It is not tribal property. It

receives funding from the United States Department of Agriculture's Rural Development Division to provide rental assistance for its tenants.

20. Cindy Arnold is the property manager for Vici Manor Apartments, and she is an agent for Vici Community Development Corporation.

21. Amanda Gresham is the Site Manager for Vici Manor Apartments, and she is an agent for Vici Community Development Corporation.

## FACTUAL BACKGROUND

### *Background facts about the McAdoo tenancy*

22. Judy McAdoo is a 73-year-old renter/tenant in the Vici Manor Apartments located in Dewey County, Vici, Oklahoma. She has multiple physical disabilities. Ms. McAdoo has had portions of both of her knees replaced and has other bone and blood problems. Ms. McAdoo's knee problems substantially impair her ability to walk, to bend, and to kneel on the floor.

23. She moved to Vici Manor Apartments in or around May 2016 when a fire destroyed her previous apartment complex and rendered it uninhabitable.

24. When Ms. McAdoo went to inspect her new unit at Vici Manor Apartments, Ms. Cindy Arnold, the property manager, told her that she really did not want to rent the unit to her because two other men wanted to rent it. Ms. Arnold told Ms. McAdoo that she had to rent the apartment to her because the government told her that she had to do so.

25.   When she moved in, the oven in Ms. McAdoo's unit was dirty. Ms. McAdoo notified Ms. Arnold about the dirty oven immediately. Ms. Arnold agreed to have someone come to the unit to clean it. She never did – even though Ms. McAdoo requested that the oven be cleaned many times.

26.   By notice to Ms. McAdoo, dated, April 29, 2019, and served on May 1, 2019, site manager, Amanda Gresham, acknowledged that the dirty oven was a fire hazard, and admitted that she knew that Ms. Arnold agreed to spray it down for Ms. McAdoo. The April 29, 2019 notice still required Ms. McAdoo to clean the oven within seven days at the risk of eviction.

27.   Because of her inability to bend, Ms. McAdoo could not clean the dirty oven herself. So, she never used the oven during her entire tenancy. Instead, she relied upon her countertop electric oven for baking her meals.

28.   Ms. McAdoo receives a low-income rental assistance subsidy from the USDA to assist her with rental payments. She pays the balance of her rent – and is a renter of Vici Manor Apartments.

29.   From 2016 through 2018, when Ms. McAdoo completed the paperwork to be approved and recertified for her rental assistance, Ms. McAdoo did not have to provide Ms. Arnold, the property manager, with her bank account information or permission to contact her bank to verify the balance of her account.

### *Discriminatory conduct towards Ms. Watson*

30. Ms. McAdoo has been friends for many years with Ms. Arleta Watson, a fellow tenant, who is also disabled and has permanent knee damage that substantially impairs her ability to walk. Ms. Watson was a tenant at Vici Manor Apartments for several years before Ms. McAdoo became a tenant.

31. In April 2018, the Vici Manor Apartment residents met to discuss the deficiencies in the maintenance of the complex. Ms. Arnold's husband was the maintenance man. Ms. Watson was very vocal with her grievances about the lack of maintenance of the property.

32. After the meeting in April 2018, Ms. Arnold filed a forcible entry and detainer (hereinafter, "eviction") action against Ms. Watson to have her evicted from the property. In her eviction action, Ms. Arnold sought to recover alleged rent for several years. The court dismissed the action.

33. In September 2018, Ms. Arnold, as property manager, sought to have Ms. Watson evicted again for a rent dispute. The court denied the request.

34. After the dismissal of the second eviction action, Ms. Arnold rescinded a reasonable accommodation by which she allowed Ms. Watson to pay rent the third Wednesday of the month when she received her retirement income.

35. Upon information and belief, Ms. Arnold still allowed other tenants to pay their rent when they received their benefit checks.

36. After the denial of the second eviction attempt, in September 2018, Ms. Arnold issued Ms. Watson a lease violation for alleged housekeeping deficiencies that Ms. Arnold discovered during a July 2018 inspection.

37. Ms. Watson enlisted the assistance of counsel, who rebutted the erroneously issued lease violations and the rescinded reasonable accommodation.

38. Ms. Watson, by counsel, requested the reinstatement of her reasonable accommodation. Ms. Watson provided a letter from her doctor which verified her permanent disability and her need for the requested accommodation.

39. Ms. Arnold also enlisted the assistance of counsel and responded to Ms. Watson's request. In the response, Ms. Watson, by counsel, denied that Ms. Watson was disabled (even with knowledge of her medical doctor's statement).

40. In January 2019, several months after the making of the request, by counsel, Ms. Arnold grudgingly reinstated Ms. Watson's reasonable accommodation to pay her rent on the third Wednesday of the month. Ms. Arnold demanded that if Ms. Watson was even one minute late paying her rent, she would be subject to a late fee.

41. Upon information and belief, other tenants are not subjected to the same "one-minute late" rule.

42. The Defendants knew about the friendship of Ms. Watson and Ms. McAdoo.

*Retaliation against Ms. McAdoo because of her association with Ms. Watson*

43. Ms. Gresham became the site manager at Vici Manor Apartments at the beginning of 2019. Ms. Arnold continues to work closely with Ms. Gresham.

44. Ms. Gresham told Ms. McAdoo that Ms. Watson was the only tenant about whom Ms. Arnold warned her.

45. When she became the site manager, Ms. Gresham issued a written notice in which she adopted rules specifically targeting Ms. Watson.

46. On April 23, 2019, Ms. McAdoo provided transportation to Ms. Watson for doctors' appointments. Because of Ms. Watson's disabilities and recent hospitalizations, she was unable to walk long distances. So, Ms. McAdoo pulled up on the grass and dirt near her door so that Ms. Watson would not have to walk very far.

47. Upon information and belief, other tenants also regularly drive and park on the grass without penalty.

48. On April 23, 2019, Ms. Gresham, issued a lease violation to both Ms. McAdoo and to Ms. Watson for driving on the grass – even though Ms. Watson was not driving on the grass.

49. Ms. Gresham attached a copy of the Occupancy Rules and Regulations for Vici Manor Apartments and highlighted rule 4, which reads, "All vehicles are to be parked in designated areas only. No vehicles may be parked on the premises that

are not in service or will not be used. Emergency vehicles are the only vehicles allowed to be on grass areas. Parking on lawn is a lease violation and tenant will be evicted.

50. Ms. Gresham, or her agent handwrote, in blue ink, the words "or driving" into Rule 4 before serving the notice on Ms. McAdoo.

51. On April 29, 2019, Ms. Gresham, issued a second notice to Ms. McAdoo for driving on the grass. Upon information and belief, Ms. McAdoo was not driving on the grass on April 29, 2019.

### *Retaliation against Ms. McAdoo in the recertification process, failure to follow the USDA regulations for recertification*

52. The USDA program rules requires Vici Manor to send notices for recertification 90 days before the lease terminates, 60 days before the lease terminates, and 30 days before the lease terminates.

53. Under the regulations for the USDA, the landlord may recertify a tenant within one year and ten days after the effective date of the prior year's lease.

54. The effective date for Ms. McAdoo's 2018 lease was May 1, 2018.

55. Per the USDA regulations, Vici Manor Apartments had until May 11, 2019 to recertify her for rental assistance, without consequence to itself or to her.

56. USDA program rules required Vici Manor Apartments to send recertification notices to Ms. McAdoo no later than Wednesday, January 30, 2019,

Friday, March 1, 2019, and Sunday, March 31, 2019 to comply with regulatory notice requirements of 90-, 60-, and 30-day notices.

57. On February 1, 2019, Ms. Gresham sent Ms. McAdoo a purported 90-day notice to recertify for her housing assistance.

58. Ninety days from February 1, 2019 is May 3, 2019.

59. The February 1, 2019 recertification notice informed Ms. McAdoo that she must recertify for rental assistance by April 30, 2019.

60. Vici Manor Apartments issued the February 1, 2019 recertification notice two days late.

61. The "90-day" notice only gave Ms. McAdoo 88 days to recertify for rental assistance.

62. On March 1, 2019, Ms. Gresham sent Ms. McAdoo a 60-day notice to recertify for her housing assistance.

63. Sixty days from March 1, 2019 is April 30, 2019.

64. On April 1, 2019, Ms. Gresham sent Ms. McAdoo a 30-day notice to recertify her housing assistance.

65. Thirty days from April 1, 2019 is May 1, 2019.

66. In the April 1, 2019 notice, Ms. Gresham requested Ms. McAdoo to make an appointment to come in to recertify by April 25, 2019.

67. The "30-day" notice only gave Ms. McAdoo 24 days to recertify for continued rental assistance.

68. Ms. McAdoo met with Ms. Gresham on April 24, 2019 to finalize her recertification documents.

69. For the first time in her tenancy, Ms. Gresham demanded that Ms. McAdoo sign a bank verification form, for the bank to verify any interest bearing accounts possessed by Ms. McAdoo.

70. The form also required Ms. McAdoo to authorize the bank to release sensitive information like her checking account number to Ms. Gresham.

71. Ms. McAdoo previously submitted proof of her income. She did not feel comfortable providing the authorization to Ms. Gresham. Ms. McAdoo agreed to have her bank to fax over the information to Ms. Gresham.

72. Ms. McAdoo signed a new lease on or around April 24, 2019. She attempted to have the bank account balance sent to Ms. Gresham from the bank by April 30, 2019, but Ms. McAdoo was informed that Vici Manor's fax machine was not working.

73. On May 1, 2019, Ms. McAdoo obtained a secondary number for the bank to send the checking account balance.

74. Ms. Gresham terminated Ms. McAdoo's lease on April 30, 2019 for an alleged July 5, 2018 Smoking violation; the April 23, 2019 violation for driving on the grass; and an April 29, 2019 violation for verbally disrupting the peace.

75. Ms. McAdoo never received a violation on April 29, 2019 for verbally disrupting the peace.

76. By notice dated April 30, 2019, Ms. Gresham informed Ms. McAdoo that her rent would increase to $730 per month in May. Ms. Gresham also demanded that Ms. McAdoo vacate the unit by May 15, 2019.

77. On May 31, 2019, Vici Manor Apartments filed to evict Ms. McAdoo from her apartment in the Dewey County District Court, SC-19-13.

**INJURY TO THE PLAINTIFF**

78. As a result of the Defendants' actions as described above, the Plaintiff suffered and continues to suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and deprivation of her rights to equal housing opportunities because of her sex, her disabilities, and her association with other persons with disabilities. She has suffered harm in excess of $10,000.

79. By engaging in the unlawful conduct described above, the Defendants acted intentionally and maliciously with callous and reckless disregard of the federally and statutorily protected rights of the Plaintiff.

## COUNT I

### *Violations of the Fair Housing Act, 42 U.S.C. § 3604 (c)*

80. The Plaintiff repeats her assertions of facts contained in paragraphs 1 through 78 above as if fully set forth herein.

81. Under the Fair Housing Act of 1968, as amended, **42 USC § 3604 (c)**, the Defendants' actions alleged above constitute prohibited statements of discrimination on the basis of sex and disability.

## COUNT 2

### *Violation of 42 U.S.C.A. § 3604 (f) (1) (A) and (C), (2) (A) and (C), and (3) (B)*

82. The Plaintiff repeats her assertions in paragraphs 1 through 78 above as if fully set forth herein.

83. Under the Fair Housing Act of 1968, as amended, **42 USC § 3604 (f) (1) (A)** and **(C), (2) (A)** and **(C)**, and **(3) (B)**, the Defendants' actions alleged above constitute prohibited discrimination on the basis of disability.

## COUNT 3

### *Violation of the 42 U.S.C. § 3617*

84. The Plaintiff repeats all previous assertions as raised in paragraphs 1 through 78 as if set fully set forth herein.

85. Under the Fair Housing Act of 1968, as amended, the Defendants' actions, alleged above constitute prohibited retaliation on the basis of disability.

## COUNT 4

*Violations of the Oklahoma Discrimination in Housing Act, 25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (16) (b), and 1601 (1).*

86. The Plaintiff reasserts all previous assertions set forth above in paragraphs 1 through 78 as if set out fully herein.

87. Under the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (16) (b), and 1601 (1)**, the Defendants' actions alleged above, constitute prohibited discrimination on the basis of sex and disability.

## COUNT 5

*Violation of the Rehabilitation Act of 1973, Section 504*

88. The Plaintiff reasserts all previous assertions set forth above in paragraphs 1-78.

89. Under the Rehabilitation Act of 1973, Section 504, the Defendants' actions alleged above, constitute prohibited discrimination on the basis of disability.

## COUNT 6

*Violation of the United States Department of Agriculture Regulations 7 C.F.R. § 3560*

89. The Plaintiff reasserts all previous assertions set forth above in paragraphs 1-78.

90. Under the United States Department of Agriculture Regulations, **7 C.F.R. § 3560, Subpart D**, **§§ 3560.151 (b)** and **3560.152 (e) (2) (iii)**, the

Defendants' actions alleged above, constitute violations for failures to comply with the Civil Rights requirements and to recertify an eligible tenant.

## COUNT 7

*Violation of the Oklahoma Residential Landlord and Tenant Act 41 O.S. § 101, et. seq.*

91. The Plaintiff reasserts all previous assertions set forth above in paragraphs 1-78.

92. Under the Oklahoma Residential Landlord and Tenant Act, **41 O.S. § 118 (A) (2)** and **(3)**, the Defendants' actions alleged above, constitute violations for failures to make repairs and the maintain in safe in working order appliances provided by the landlord.

93. Under the Oklahoma Residential Landlord and Tenant Act, **41 O.S. § 132 (B)**, the Defendants' actions alleged above, constitute violations for failures to serve legally sufficient notices of lease breach which include the cure period.

## COUNT 8

*Breach of Contract*

94. The Plaintiff reasserts all previous assertions set forth above in paragraphs 1-78.

95. The Defendants' actions alleged above, constitute breaches of contracts since both the USDA and the lease prohibit the actions alleged above.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays:

A.     That the Court declare the actions of the Defendants complained of herein to be in violation of the Fair Housing Act of 1968, as amended, **42 U.S.C. § 3601, et seq.,** the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. §1451, et seq.**, the Rehabilitation Act of 1973, Section 504, the USDA regulations, **7 C.F.R. § 3560, et seq.**, the Oklahoma Residential Landlord and Tenant Act, **41 O.S. § 101, et seq.**, and in Breach of the Defendants' contractual obligations to the Plaintiff;

B.     That the Defendants be ordered to take appropriate affirmative actions to ensure that the activities complained of are not engaged in again by them or any of their agents;

C.     That the Defendants, their agents, employees, and successors be permanently enjoined from discriminating on the basis of handicapped status and sex against any person in violation of the Fair Housing Act of 1968, as amended, the Rehabilitation Act of 1973, Section 504, and the Oklahoma Housing in Discrimination Act;

D.     That the Defendants be ordered to complete the recertification process for the Plaintiff;

E.  That appropriate compensatory and punitive damages be awarded to the Plaintiff in an amount appropriate to proof at trial;

F.  That the Plaintiff be awarded her costs and reasonable attorneys' fees in this action; and

G.  That the Plaintiff be awarded such other and further relief that the Court deems just and proper.

## JURY DEMANDED

Trial by Jury is demanded on all issues.

Dated: June 5, 2019

        Respectfully submitted,

        *Attorney for the Plaintiff,*
        *Ms. Judy McAdoo*

        s/ Teressa L. Webster_____
        Teressa L. Webster OBA #30767
        LEGAL AID SERVICES OF OKLAHOMA, INC.
        624 West Broadway
        Muskogee, Oklahoma 74401
        Telephone:  (918) 683-5681
        Facsimile:  (918) 683-5690
        Email:     Teressa.Webster@laok.org