IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUDY MCADOO, | ) |
| | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-19-515-R |
| | ) |
| VICI COMMUNITY DEVELOPMENT | ) |
| CORP, CINDY ARNOLD, and AMANDA | ) |
| GRESHAM | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment. Doc. No. 28. Plaintiff has responded in opposition, Doc. No. 36, and Defendants have replied, Doc. No. 37. Upon review of the parties' submissions, the Court grants Defendants' motion.

**I.    Background**

The following information is derived from Defendants statement of undisputed material facts, Doc. No. 28, ¶¶ 1–75, which has been deemed admitted by Plaintiff for the purpose of summary judgment.[1] Defendant Vici Community Development Corporation

---

[1] Plaintiff's amended response to Defendants' motion fails—for a second time—to meet the requirements of Local Civil Rule 56.1 and by extension, Federal Rule of Civil Procedure 56. First, Plaintiff does not begin with "a section responding, *by correspondingly numbered paragraphs*, to the facts that the [Defendants] contend[] are not in dispute and . . . stat[ing] any fact that is disputed" in accordance with Local Civil Rule 56.1(c). *See* Doc. No. 36, p. 1–14. Second, Plaintiff does not provide a citation for each fact in her statement of disputed material facts, or her statement of additional material facts in accordance with Local Civil Rule 56.1(d) and Federal Rule of Civil Procedure 56(c)(1). *See id*. Defendants have thoroughly detailed Plaintiff's failure to comply with these rules. *See* Doc. No. 37, p. 2–4. According to the Tenth Circuit, "it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (ellipsis and internal quotation marks omitted)). Therefore, the Court has no obligation to delve into the record here in order to substantiate Plaintiff's factual disputes which fail to comport with the above-mentioned rules. Rather, in accordance with those rules, the Court deems all material facts set forth by Defendants admitted for the purpose of summary judgment. *See* LCvR 56.1(e); Fed. R. Civ. P. 56(e).

1

owns and operates The Vici Manor Apartments, which provides low-income housing to individuals who qualify for rental assistance through the Rural Development Division of the United States Department of Agriculture. Defendant Cindy Arnold has served as Vici Manor's property manager since 1995, and Defendant Amanda Gresham served as the site manager from March 14, 2019 to August 1, 2019.

On or around April 12, 2016, Plaintiff Judy McAdoo visited Vici Manor to look for an apartment. Upon arrival, she provided Defendant Arnold with paperwork that granted her priority over any other individuals who may have been on the waiting list for an apartment at Vici Manor. Defendant Arnold subsequently helped Plaintiff complete the necessary paperwork to move into the apartment complex. Plaintiff's initial lease term ran from April 12, 2016 until April 30, 2017.

Per USDA Regulations, in order to continue receiving assistance for housing, Plaintiff had to complete certain agency-approved forms certifying that she was eligible for aid in the form of rent reduction. Plaintiff complied with her recertification requirements in both 2017 and 2018 but failed to do so in 2019. Her monthly rent beginning May 1, 2019 therefore increased substantially. Around that time, Plaintiff also received three lease violations: The first for smoking in her apartment, the second for driving on the grass, and the third for harassing another tenant. Based upon these events, Defendant Vici Community Development terminated Plaintiff's lease and requested she vacate the premises by May 15, 2019.

Plaintiff did not vacate the premises. Instead, she filed this lawsuit against Defendants Vici Community Development, Cindy Arnold, and Amanda Gresham for

gender and disability discrimination, in addition to other alleged violations of state and federal law. In her Complaint, Plaintiff McAdoo asserts the following eight counts: (1) violation of the Fair Housing Act (FHA), 42 U.S.C. § 3604(c); (2) violation of the FHA, 42 U.S.C. § 3604(f)(1)(A) and (C), § 3604(f) (2)(A) and (C), and § 3604(f)(3)(B); (3) violation of the FHA, 42 U.S.C. § 3617; (4) violation of the Oklahoma Discrimination in Housing Act (ODHA), 25 Okla. Stat. Ann §§ 1452(A)(1) and (3), 1452(A)(16)(b), and 1601(1); (5) violation of the Rehabilitation Act of 1973, § 504(a), 29 U.S.C. 794(a); (6) violation of the United States Department of Agriculture Regulations, 7 C.F.R. § 3560; (7) violation of the Oklahoma Residential Landlord and Tenant Act (ORLT), 41 O.S. § 101, et seq., and; (8) breach of contract based upon the federal and state laws cited above. Doc. No. 1, p.14–16. Defendants now move for summary judgment. Doc. No. 28.

## II.    Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1315 (10th Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks and citation omitted). In assessing whether summary judgment is appropriate, the Court views the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Williams v. FedEx Corp. Services*, 849 F.3d 889, 896 (10th Cir. 2017).

### I. The Fair Housing Act

Plaintiff's first three claims are brought pursuant to the Fair Housing Act (FHA). She alleges that Defendants intentionally discriminated against her under §§ 3604(c), 3604(f), and 3617 of the FHA. In accordance with Tenth Circuit law, intentional discrimination under the FHA can be demonstrated in two ways at this stage. *See Cinnamon Hills Youth Crisis Ctr. v. Saint George City*, 685 F.3d 917, 919 (10th Cir. 2012). First, it can be shown by direct evidence. *Id.* Second, it can be shown by circumstantial evidence, which implicates "the familiar *McDonnell Douglas* burden shifting scheme originally spawned in the Title VII arena but long since equally entrenched in the FHA . . . context[]." *Id.* (referencing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–07 (1973)).

The Court construes Plaintiff's FHA claim alleging sex discrimination under § 3604(c) as asserting direct evidence of discrimination because she claims Defendant Arnold made discriminatory comments towards her. *See Cinnamon Hills Youth Crisis Ctr.*, 685 F.3d at 920 (noting that an example of direct evidence of discrimination is present when a defendant uses "discriminatory comments . . . while explaining his basis for [a] contested decision").

Plaintiff's other claims under the FHA—those made pursuant to § 3604(c) pertaining to Plaintiff's alleged handicap, in addition to those made under § 3604(f) and §3617—are based upon circumstantial evidence of discrimination, and therefore implicate the burden shifting framework enunciated in *McDonnell Douglas*. In order to survive summary judgment on these FHA claims, Plaintiff must first make a prima facie case of discrimination. *See Haycraft v. Fid. Mgmt. Corp.*, No. CIV.A. 13-1254-MLB, 2014 WL

3361759, at *4 (D. Kan. July 9, 2014). If she does so, the burden shifts to Defendants to articulate a legitimate nondiscriminatory reason for their conduct. *See id.* If Defendants articulate such a reason, Plaintiff then bears the burden of demonstrating that the reason was merely pretext for a discriminatory motive. *See id.*

The Court addresses each of Plaintiff's FHA claims as they were briefed—beginning with the claim raised pursuant to § 3604(c), followed by the claims brought under § 3604(f), and concluding with the claim relating to § 3617.

### A. 42 U.S.C. § 3604(c)

In her first claim under the FHA, Plaintiff alleges that Defendants discriminated against her based on her alleged handicap and her sex, in violation of 42 U.S.C. § 3604(c).[2] That provision makes it illegal to:

> make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(c). The statute's implementing regulations make clear that this prohibition extends to oral statements made by persons engaged in the sale or rental of a dwelling. *See* 24 C.F.R. § 100.75(b) (2006).

To prevail on her claim at the summary judgment stage, Plaintiff McAdoo must present evidence that creates a genuine dispute of fact as to whether: (1) one or more

---

[2] Plaintiff alleges that she has bad knees and other bone and blood problems. *See* Doc. No. 1, ¶ 18. She does not, however, direct the Court's attention to any support in the record to evidence her claimed handicaps. Nevertheless, Defendants do not contest that Plaintiff is handicapped. *See, e.g.,* Doc. No. 28, pp. 19–20 (assuming for the sake of argument that Plaintiff is handicapped).

5

Defendants made a statement, (2) with respect to the sale or rental of a dwelling, (3) that indicated a preference, limitation, or discrimination against her on the basis of her handicap or sex. *See Hernandez v. Monarch Real Estate Corp.*, No. CIV 08-732 MCA/WPL, 2009 WL 10707040, at *10 (D.N.M. Aug. 27, 2009). As indicated above, Plaintiff's FHA claim of discrimination regarding her handicap is subject to the *McDonnell Douglas* burden-shifting framework, while her claim of discrimination regarding her sex is not.

First, Defendants argue there is no evidence in the record suggesting any Defendant made a discriminatory statement concerning Plaintiff's alleged handicap during her initial rental in 2016, *see* Doc. No. 28, p. 18, or her attempted rental and recertification in 2019, *see* Doc. No. 28, ¶¶ 9–52; Doc. No. 37, p. 5. Plaintiff does not respond to Defendants' arguments concerning her initial rental but contends that she was discriminated against during the 2019 rental and recertification process. *See* Doc. No. 17–19.

As to the initial rental of her apartment at Vici Manor in 2016, Plaintiff does not once contend that any Defendant made statements concerning her alleged handicap. *See* Doc. No. 1; *see also* Doc. No. 36, pp. 18–19. In fact, she admits that no such statements were made. *See* Doc. No. 36-23, p. 147:12-20; Doc. No. 28, ¶ 56. As to the rental and recertification process in 2019, Plaintiff alleges that Defendant Grisham made discriminatory statements to her at the direction of Defendant Arnold, and that Defendants refused to renew her rental in 2019 because of Plaintiff's association with Ms. Watson, "a disabled person." Doc. No. 36, p. 17. However, Plaintiff provides no support for any of her contentions. It is not the Court's duty to comb through the record in search of support for Ms. McAdoo's factual averments. *See Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th

Cir. 2020) (noting that even "[w]here a report or other material is "made part of the record" but the party "'fail[s] to cite to the 'particular parts' of the record that support[ ] [a particular] argument,' the district court is 'under no obligation to parse through the record to find the uncited materials.'" (quoting *Unal v. Los Alamos Pub. Sch.*, 638 F. App'x 729, 742 (10th Cir. 2016)). Therefore, Plaintiff is unable to satisfy her initial burden to establish a prima facie case of discrimination under the FHA regarding her handicap.

Next, Defendants argue that there is no evidence in the record to suggest that any Defendant made a discriminatory statement concerning Plaintiff's sex during her initial rental in 2016, *see* Doc. No. 28, ¶¶ 53–55; Doc. No. 28, p. 18, or her attempted rental and recertification in 2019, *see* Doc. No. 28, ¶¶ 9–52; Doc. No. 37, p. 5. Plaintiff responds that she was discriminated against based upon her sex in both 2016 and 2019. Doc. No. 36, pp. 17–19. Because the *McDonnell Douglas* framework is not applicable here, Plaintiff need not establish a prima facie case of discrimination to survive summary judgment. However, she must demonstrate that discriminatory comments were in fact made to her regarding her sex. *See Keys Youth Servs., Inc. v. City of Olathe, KS*, 248 F.3d 1267, 1274 (10th Cir. 2001) ("absent direct evidence of disparate treatment, the question . . . before this court is whether [Defendants] discriminated at all").

As to the initial rental in 2016, Plaintiff alleged in her Complaint that Defendant Arnold told her that "she really did not want to rent the unit to her because two other men wanted to rent it," but that she had to. Doc. No. 1, ¶ 24. Defendants deny that this statement, or any statement indicating a male preference, was ever made, *see* Doc. No. 28, ¶¶ 53–55, and further demonstrate that over 50% of their units are occupied by female individuals,

7

*id.* at ¶ 55. Plaintiff does not dispute these factual averments—nor the evidence cited in support thereof—in accordance with Local Civil Rule 56.1 and Federal Rule of Civil Procedure 56. Accordingly, these facts are deemed admitted for purposes of summary judgment, and the Court must conclude that the alleged discriminatory statement was never made. *See* LCvR 56.1(e); Fed. R. Civ. P. 56(e).

Even if these facts weren't deemed admitted, the Court would still find that no discriminatory statement was made because Plaintiff does not support her assertion that Defendant Arnold made a discriminatory statement regarding her sex. In Plaintiff's statement of additional material facts, Plaintiff's citation does not support her factual allegation, *see* Doc. No. 36, ¶ 63, and in her response brief, she provides no record citation at all, *see* Doc. No. 36, pp. 18–19. Again, it is not the Court's duty to comb through the record in search of support for Plaintiff's factual allegations. *See Doe*, 952 F.3d at 1191.[3]

As to the rental and recertification process in 2019, Plaintiff alleges generally that "Defendants have made statements to her that she deems to be discriminatory." Doc. No. 36, p. 17. However, as appears to be the trend in Plaintiff's briefing, she provides no

---

[3] Assuming it were true that Defendant Arnold made a discriminatory statement to Plaintiff in 2016, Defendants would still be entitled to summary judgment. "[A] plaintiff's standing to pursue relief under 42 U.S.C. § 3604(c) depends on whether she can show that her receipt of discriminatory information had a concrete and personal effect on her, such as deterring her from making further efforts to obtain housing at the property in question . . . A mere abstract disagreement or feeling of stigma arising from the receipt of such information is not a legally cognizable injury in this context." *Hernandez v. Monarch Real Estate Corp.* No. CIV 08-732, 2009 WL 10707040, *7 (citing *Wilson v. Glenwood Intermountain Properties, Inc.*, 98 F.3d 590, 595 (10th Cir. 1996) (internal citation omitted)). Plaintiff does not contend that the alleged statement made by Defendant Arnold in 2016 caused her any real injury, much less any stigmatic injury. *See, e.g.,* Doc. No. 28, ¶¶ 11, 57. Accordingly, Plaintiff would not have standing to sue under § 3604(c) based upon that allegation, even if it were true.

support. As stated twice previously, it is not the Court's duty to comb through the record in search of support for Plaintiff's allegations. *See Doe*, 952 F.3d at 1191.

At bottom, there is no genuine issue of material fact as to whether Defendants made discriminatory statements during the rental of Plaintiff's apartment based on Plaintiff's alleged handicap or sex. Defendants are therefore entitled to summary judgment on Plaintiff's FHA claim filed pursuant to § 3604(c).

### B. 42 U.S.C. § 3604(f)

In her second claim under the FHA, Plaintiff alleges that Defendants discriminated against her based on her handicap in violation of §§ 3604(f)(1)(A) and (C), 3604(f)(2)(A) and (C), and 3604(f)(3)(B). These provisions make it illegal to:

> (1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of—
>     (A) that buyer or renter, [or] . . .
>     (C) any person associated with that buyer or renter.
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
>     (A) that person; or . . .
>     (C) any person associated with that person.
> (3) For purposes of this subsection, discrimination includes— . . .
>     (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling

42 U.S.C. § 3604(f)(1)–(3)(B). The Court addresses each provision in turn.

First, Defendants argue that they are entitled to summary judgment on Plaintiff's claim pursuant to § 3604(f)(1)(A) and (C) because Plaintiff admits that she was not discriminated against on the basis of her alleged handicap or the handicap of any person associated with her during the initial rental of her unit, or when Defendants declined to

9

renew her rental three years later. Doc. No. 28, pp. 19–20. The Court agrees. Plaintiff admits that Defendants did not discriminate against her based on either her own handicap, *id.* at ¶ 57, or her association with any other handicapped person, *id.* at ¶ 75. The undisputed material facts concerning Defendants' rental to and attempted eviction of Plaintiff demonstrate that Defendants did not violate the relevant provisions under § 3604(f)(1)(A) or (C). *See Id.* at ¶¶ 7–75.

Second, Defendants argue that they are entitled to summary judgment on Plaintiff's claim pursuant to § 3604(f)(2)(A) and (C) because Plaintiff admits that she was not discriminated against, on the basis of her alleged handicap or the handicap of any person associated with her, in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with the dwelling. *Id.* at p. 21. For the same two reasons discussed above, the Court agrees, *see id.* at ¶¶ 56, 57, 75; *see also id.* at ¶¶ 7–75.

Third, Defendants argue that they are entitled to summary judgment on Plaintiff's claim pursuant to § 3604(f)(3)(B) because she has not shown a genuine dispute of material fact concerning whether Defendants failed to make necessary accommodations to afford her equal opportunity to use and enjoy her dwelling. Doc. No. 28, p. 21. In order to establish discrimination here, "plaintiffs must demonstrate: (1) that they are handicapped as defined by the FHA; (2) that defendants knew or reasonably should have known of the claimed handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendants refused to make such

accommodation." *Shaw v. Cherokee Meadows*, LP, No. 17-CV-610-GKF-JFJ, 2019 WL 7340138, at *12 (N.D. Okla. Dec. 30, 2019).

While it is not clear from the briefing, it appears that Plaintiff asserts Defendants violated § 3604(f)(3)(B) when they failed to clean her oven, and when they prohibited her from putting up a shade on her porch so she could smoke outside while evading direct sunlight. *See* Doc. No. 36, p. 21–24. According to that provision, "[u]ntil an accommodation request is denied, there is no discrimination under the FHA." *See Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1186 (D. Colo. 2016) (citing 42 U.S.C. § 3604(f)(3)(B)). Here, the undisputed material facts demonstrate that the first time Plaintiff asked Defendants to clean out her oven was in April of 2019. Doc. No. 28, ¶ 67, and that Defendants never denied her request. *Id.* (recollecting that Ms. McAdoo barred Defendants from entering her apartment to clean the oven so Defendants could not fulfill her request). Therefore, Plaintiff has no claim under § 3604(f)(3)(B) based upon her unfulfilled request for a cleaned oven.

Nor does she have a claim pursuant to § 3604(f)(3)(B) for Defendants' denial of her request to put up a shade on her porch. Plaintiff—without support—alleges that she was handicapped because she had a condition for which she took prescription medication requiring her to stay away from direct sunlight. She also alleges that Defendants denied her request to put up a shade on her porch so she could smoke whilst avoiding the sunlight. Doc. No. 36, p. 23. However, she does not allege, or provide support to establish that Defendants knew of or should have known of her claimed handicap. *Id.*

In her response, Plaintiff provides the Court with a long list of facts that she asserts are established by the record and demonstrate that Defendants violated the relevant provisions under § 3604(f). Doc. No. 36, pp. 21–24. However, again, she does not provide a single citation for any listed fact. As specified numerous times at this point, it is not the Court's duty to comb through the record in search of support for Plaintiff's factual averments. *See Doe*, 952 F.3d at 1191. Allegations without evidentiary support, like those in Plaintiff's response, are not sufficient to survive a motion for summary judgment. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1198–99 (10th Cir. 2000). For the foregoing reasons, Plaintiff fails to establish a prima facie case of discrimination under § 3604(f); Defendants are therefore entitled to summary judgment.

### C. 42 U.S.C. § 3617

In her third and final claim under the FHA, Plaintiff alleges that Defendants retaliated against her on the basis of her disability, in violation of 42 U.S.C. § 3617. Doc. No. 1, ¶¶ 84–85; Doc. No. 36, pp. 20–24. Defendants object and contend that no facts in the record support such a cause of action. Doc. No. 28, pp. 21–22.

42 U.S.C. § 3617 makes it unlawful to:

> coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. To establish retaliation under this provision, a plaintiff must demonstrate that: "(1) [she] was engaged in protected activity; (2) [she] suffered an adverse action in the form of coercion, intimidation, threats, or interference; and (3) there was a causal link

between the two." *Shaw*, 2019 WL 7340138, at *15 (alterations in original); *see also Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017) ("To state a plausible claim under the FHA, a plaintiff must allege a causal connection between her disability or protected activity and the alleged adverse action").

Here, Defendants argue that Plaintiff fails to meet the first element. They contend, and Plaintiff does not dispute, that the protected activity at issue is Plaintiff's failure to clean her oven. Defendants assert this is not a protected activity given that it was Plaintiff's responsibility to do so per the lease agreement. Doc. No. 28, p. 23 (citing the lease agreement at Doc. No. 28–7, ¶ 14).

In response, Plaintiff does not directly address Defendants' argument or purport to demonstrate any of the elements detailed above. Instead, as with her second FHA claim, she provides the Court with a long list of facts that she asserts are established by the record and demonstrate that Defendants violated § 3617. Doc. No. 36, pp. 21–24. However, in keeping with the trend, she does not provide a single citation for any listed fact. Again, allegations without evidentiary support, like those in Plaintiff's response, are not sufficient to survive a motion for summary judgment. *See Mitchell*, 218 F.3d at 1198–99. Plaintiff has failed to establish a prima facie case of discrimination under § 3617. Defendants are thus entitled to summary judgment on Plaintiff's FHA claim filed under that provision. *See Shaw v. Cherokee Meadows, LP*, 2019 WL 7340138, at *16 (granting summary judgment to defendants because plaintiff failed to cite any evidence demonstrating that the elements of retaliation under § 3617 of the FHA were met).

### III.  The Rehabilitation Act

Plaintiff also argues that Defendants failed to recertify her for federal aid because of her disability, in violation of § 504(a) of the Rehabilitation Act. Doc. No. 1, ¶¶ 88–89; Doc. No. 36, pp. 20–24. Defendants deny that Plaintiff's disability was the basis for their failure to recertify her. Doc. No. 28, p. 25.

Section 504 of the Rehabilitation Act states in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . .

29 U.S.C. § 794(a). Plaintiff's claim pursuant to this provision is based upon circumstantial evidence and is thus subject to the *McDonnell Douglas* framework discussed above. *See Cinnamon Hills*, 685 F.3d at 919 (noting that the *McDonnell Douglas* scheme is applicable in the Rehabilitation Act context as well as the Title VII and FHA contexts).

Here, Defendants do not dispute that Plaintiff has a disability as defined in § 705(20) nor that they receive Federal financial assistance. Doc. No. 28, p. 25. Instead, they contend that Plaintiff admits she was not subjected to discrimination based on her alleged disability, *id.* (citing Doc. Nos. 28–57, 28–58), and that they had a non-discriminatory rationale for refusing to recertify Plaintiff for federal aid and subsequently refusing to renew her rental, *see id.* (citing Doc. Nos. 28–30, 28–50). In response, as she did with her FHA claims, Plaintiff provides the Court with a list of unsupported factual allegations. Doc. No. 36, pp. 20–24. In that regard, Plaintiff has failed to carry her burden to establish a prima facie case of discrimination under § 504 of the Rehabilitation Act.

Even assuming she did establish a prima facie case of discrimination, Defendant has provided detailed information regarding their nondiscriminatory rationale. *See* Doc. No. 28, ¶¶ 38–50. Specifically, Defendants provide evidence suggesting that their decision not to recertify Plaintiff for federal aid or renew her rental was based upon Plaintiff's failure to produce necessary documentation and her repeated violations of lease terms. *Id.* Plaintiff does not rebut any of Defendants' reasons with evidence suggesting their rationale was merely pretext for disability discrimination. In fact, as mentioned previously, Plaintiff fails to dispute Defendants' statements of undisputed material facts in accordance with the local and federal rules, and thus, in accordance with those rules, all of Defendants' facts—including those evincing their non-discriminatory rationale—are deemed admitted for purposes of summary judgment. LCvR 56.1(e); Fed. R. Civ. P. 56(e). Accordingly, Defendant is entitled to summary judgment on Plaintiff's discrimination claim filed pursuant to § 504 of the Rehabilitation Act.

## IV.   The United States Department of Agriculture Regulations, 7 C.F.R. § 3560

Plaintiff continues, arguing that Defendants violated the USDA Regulations that govern the program under which she received federal aid—7 C.F.R. §§ 3560.151(b) and 3560.152(e)(2)(iii). Doc. No. 1. ¶¶ 89–90. Defendants contend that Plaintiff does not have a private right of action to enforce the above-mentioned regulations in federal court, and that, even if she did, the regulations are inapplicable here. Doc. No. 28, pp. 26–27. Plaintiff challenges each of Defendants' assertions.  Doc. No. 36, pp. 24–25. Assuming but not deciding that Plaintiff has a private right of action to challenge Defendants' conduct under § 3560, the Court finds that Defendants are nonetheless entitled to summary judgment.

Section 3560.151(b) states: "All occupancy policies must meet applicable civil rights requirements, as stated in § 3560.2." 7 C.F.R. § 3560.151(b). Section 3560.2 states: "As per the Fair Housing Act, as amended and section 504 of the Rehabilitation Act of 1973, all actions taken by recipients of loans and grants will be conducted without regard to race, color, religion, sex, familial status, national origin, age, or disability." *Id.* at § 3560.2(a). The Court has already determined Defendants are entitled to summary judgment on Plaintiff's FHA and Rehabilitation Act claims. Accordingly, Defendants are entitled to summary judgment on Plaintiff's regulatory claim asserted pursuant to those statutes.[4]

>Section 3560.152(e)(2)(iii) states:
>
>Tenants and borrowers must execute an Agency-approved tenant certification form establishing the tenant's eligibility prior to occupancy. In addition, tenant households must be recertified and must execute a tenant certification form at least annually or whenever a change in household income of $100 or more per month occurs. Borrowers must recertify for changes of $50 per month, if the tenant requests that such a change be made. . . .
>>(2) Borrower requirements. . . .
>>>(iii) Borrowers must submit initial or updated tenant certification forms to the Agency within 10 days of the effective date of an initial certification or any changes in a tenant's status. The effective date of an initial or updated tenant certification form will always be a first day of the month.

7 C.F.R. § 3560.152(e). Defendants argue that they did not violate this provision by failing to recertify Plaintiff in 2019. Doc. No. 28, pp. 26–27. They claim not to have recertified Plaintiff in 2019 because she failed to comply with federal regulations. *Id.* Plaintiff objects,

---

[4] Section 3506.2(d) cites a number of other federal civil rights statutes as being relevant to a challenge under § 3506.151(b). 7 C.F.R. § 3506.2(d). However, Plaintiff does not argue that Defendants' actions violate any of those other statutes.

arguing—without citation to the record—that Defendants' failure to recertify her was a result of discrimination. Doc. No. 36, p. 25.

Under § 3560.152(e)(1)(ii), "Tenants must authorize borrowers to verify information provided to establish their eligibility or determination of tenant contribution." It is undisputed that Plaintiff failed to provide Defendants with authorization to contact her bank in order to verify her financial information, as she had done in previous years. Doc. No. 28, ¶¶ 40–45. It is also undisputed that Defendants' decision not to recertify Plaintiff was based upon this failure. Doc. No. 28, ¶ 46. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim filed pursuant to § 3560.152(e).

### V.  Breach of Contract for Violations of Federal Law

Plaintiff contends that Defendants breached the terms of the lease agreement by violating the federal laws cited above—the FHA, the Rehabilitation Act, and the USDA Regulations. Doc. No. 1, ¶ 14; Doc. No. 36, p. 27. Defendants are entitled to summary judgment on the claims Plaintiff brought pursuant to the FHA, the Rehabilitation Act, and the USDA Regulations. Defendants are therefore also entitled to summary judgment on Plaintiff's breach of contract claim to the extent the claim depends on Defendants' violation of federal law.

### VI.  Oklahoma Residential Landlord and Tenant Act & The Oklahoma Discrimination in Housing Act

Under state law, Plaintiff contends that Defendants' alleged conduct violated the Oklahoma Residential Landlord and Tenant Act (ORLTA) and the Oklahoma Discrimination in Housing Act (ODHA). Doc. No. 1, ¶¶ 86–87, 91–93; Doc. No. 36, pp.

19–23, 26–27. Defendant argues that no such violations occurred. Doc. No. 28, pp. 23–25, 28–29. The Court need not address either parties' contentions.

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." Moreover, according to the Tenth Circuit, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. Del City*, 660 F.3d 1228at 1248 (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). The Court has dismissed all of Plaintiff's federal claims over which it has original jurisdiction; only Plaintiff's state law claims remain. In accordance with 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over Plaintiff's state law claims filed pursuant to the ORLTA and the ODHA.

### VII. Breach of Contract for Violations of State Law

In addition to her breach of contract claim based on violations of federal law, Plaintiff contends that Defendants breached the terms of their lease agreement by violating Oklahoma state law—the ORLT, and the ODHA. Doc. No. 1, ¶ 14; Doc. No. 36, p. 27. As above, the Court declines jurisdiction. *See* Fed. R. Civ. P. 1367(c)(3).

### VIII. Conclusion

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment, Doc. No. 28, as to counts 1–3, 5, 6, and 8—to the extent it depends on violations of federal law. The Court declines to exercise jurisdiction over counts 4, 7 and 8—to the extent it depends on violations of state law.

**IT IS SO ORDERED** this 18th day of May 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE