IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT

| | |
|---|---|
| 1. JUDY MCADOO<br>    Plaintiff,<br><br>v.<br><br>1. VICI COMMUNITY<br> DEVELOPMENT CORP,<br>2. CINDY ARNOLD,<br> and<br>3. AMANDA GRESHAM,<br>    Defendants | Case No. 5:19-cv-00515-R |

**PLAINTIFF'S AMENDED RESPONSE IN OBJECTIONS AND BRIEF IN OPPOSITION TO THE DEFENDANTS' BILL OF COSTS, AMENDED BILL OF COSTS, EXHIBITS 1-5, AND BRIEF IN SUPPORT**

**COMES NOW,** the Plaintiff, Judy McAdoo, by and through counsel, and amends her objection (Doc. 61) to the Defendants' Bill of Costs (Doc. 53), the Amended Bill of Costs (Doc. 55), the accompanying Exhibits 1-5 (Docs. 55-1 through 55-5), and the Supporting Brief (Doc. 54) each filed on June 1, 2020.

### INTRODUCTION

The Plaintiff, Judy McAdoo, initiated this action raising eight claims for relief under the Fair Housing Act, 42 U.S.C.A. § 3601, et seq, the Rehabilitation Act of 1973, § 504, 7 C.F.R. § 3560., the Oklahoma Discrimination in Housing Act, 25 O.S. § 1451, et seq., the Oklahoma Residential Landlord and Tenant Act, 41 O.S. § 101, et seq., and for common law breach of contract. The Defendants filed their motion for summary judgment requesting judgment on all claims on March 4, 2020. The Court granted judgment in favor of the Defendants on May 18, 2020 for the Fair Housing Act claims and the Rehabilitation

Act claim. The Court granted partial summary judgment as to the 7 C.F.R. § 3560 to the extent that it relied upon federal law and the breach of contract claim to the extent that it relied upon federal law. The Court declined to exercise jurisdiction over the remaining claims arising under State law, and the claim arising under 7 C.F.R. § 3560 to the extent that it depended on state law. The matter is now on appeal with the United States Tenth Circuit Court of Appeals.

**OBJECTIONS**

1. The Plaintiff objects to the Defendants' request for an award of costs in association with the deposition costs. The costs are excessive. The Plaintiff also purchased copies of both depositions. The Plaintiff's costs for copies were much less than the costs presented to the Court by the Defendants, Plaintiff's costs being only $686.20 for certified copies for both depositions. Also, there is no evidence before this Court to show the necessity of multiple copies of the same depositions.

2. The Plaintiff objects to the Defendants' request for reimbursement for exemplification and the costs for making copies of any materials where the copies are necessarily obtained for use in the case. The Plaintiff's disabilities, as claimed in the litigation, are readily apparent. The Plaintiff claimed a mobility impairment that arose from a knee replacement. It was not reasonably necessary for the Defendants to incur $926.37 for medical records for a readily apparent disability.

## PLAINTIFF'S BRIEF IN SUPPORT OF OBJECTIONS

**I. The Court should reduce the costs for the deposition copies because they were not necessarily obtained for use in the case.**

The Defendants have produced for the Court an invoice for printed or electronically recorded transcripts necessarily obtained for use in the case. The Defendants reported deposition costs of $2,886.90 (Doc. 55).

The Court has authority to disallow costs associated with copies of deposition transcripts where the costs incurred were not a necessity. "Necessity in this context means a showing that the materials were used in the case and served a purpose beyond merely making the task of counsel and the trial judge easier." Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp. 2d 1065, 1079 (D. Kan. 2005). In Burton, the court disallowed the charges that exceeded the actual costs for the copying of the depositions. The Burton court also stated, "The court must carefully scrutinize all items proposed as costs. Id.

The Plaintiff purchased one certified copy of each deposition for use in the case. The Plaintiff's invoice totaled only $686.20 (Plaintiff's Exhibit A). The Defendants have failed to demonstrate the necessity for multiple copies of the same depositions. The Defendants have also failed to show how they used the additional deposition copies in the case beyond counsel convenience. Lastly, the Defendants only purchased two additional uncertified copies of depositions according to the Defendants' invoice. This Court should scrutinize the invoice that represents a nearly 500% mark-up in costs for two additional copies. The Court has no information to determine the basis for the additional claim for $2,199.80

The Court should disallow or discount the deposition transcript costs because the Defendants have failed to establish that the costs, as presented, were necessarily obtained for use in the case.

## II. The Plaintiff's medical records were not necessarily obtained for use in the case. The cost should be denied.

The Defendants have failed to show how the medical records obtained would be used to prove or disprove her claim for disability discrimination based upon her mobility impairments.

In Burton, the court stated, "A copy is "necessarily obtained" within the meaning of § 1920(4) only where the court believes that its procurement was reasonably necessary to the prevailing party's preparation of its case." Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp. 2d 1065, 1085 (D. Kan. 2005). See also, Pehr v. Rubbermaid, Inc., 196 F.R.D. 404, 407–08 (D.Kan.2000) (Cited by Burton in defining the phrase "necessarily obtained").

In the Complaint, the Plaintiff alleged disability discrimination based upon her mobility impairments caused by her knee replacements that impair her ability to walk, to bend, and to kneel on the floor (Doc. 1, p. 5, ¶ 22). Her disability is readily apparent. Ms. McAdoo claimed that the Defendants imposed different terms and conditions upon her, in her housing, based upon that specific disability. See, Complaint, Doc. 1, p. 6, ¶ 25-27 (Stating the facts that the Defendants told Ms. McAdoo that they would clean the oven and that she was unable to do so because of her disability).

The Defendants obtained records from the Oklahoma Heart Hospital and Alliance Health Center. (Docs. 55-2 through 55-4). Many of the records predate the Plaintiff's

tenancy at Vici. The records too voluminous to file with this brief. The Plaintiff will, with permission of the Court, produce each page in dispute. The Defendants did not rely upon the records to support the motion for summary judgment, but rather conceded Ms. McAdoo's disability in the motion for summary judgment. The Defendants did not rely on the records during the deposition. It is unclear, from the Defendants' brief, how any of these records would have been used at trial to prove or disprove Ms. McAdoo's claimed mobility impairment. The Defendants have failed to establish that the records were necessarily obtained for the use in the case. Also, the invoices for both entities include costs that are not recoverable under **Fed. R. Civ. P. 54 (d)** and **28 U.S.C.A. § 1920**. Specifically, each invoice includes costs for a basic fee of $10.00, shipping fees, and taxes.

The Plaintiff's treatment at the Grace Living Center did not specifically relate to the litigation (Doc.55-5). The Plaintiff resided at Grace Living Center in November 2019 and February 2020 See, Exhibit B – Cover page Grace Living Center (Showing the range of dates for the records were November 26, 2019-February 13, 2020). The Plaintiff obtained an injury in another city, and there is no remote connection between those medical records obtained and this litigation. The Plaintiff did not claim that injury as a disability. The Defendants have failed to establish the necessity for the cost. The records were not used to support the motion for summary judgment, and it is unclear how they would have been used at trial. Also, no copies were made. This Court should disallow the cost in the amount of $200.

Lastly, the Plaintiff's disability-related discrimination claims also arose because of her association with another disabled individual. See, Complaint, Doc. 1, p. 9, ¶¶ 43-51,

and p. 13, ¶ 78 (Outlining the basis for the retaliation claim based upon her association with another disabled person). None of the records obtained were for the purposes of proving the disability of the associated individual.

Accordingly, the costs incurred to obtain the medical records were not necessarily obtained for use in the case and should be denied. If the Court does not deny the costs, the Court should discount the costs for the reasons asserted herein.

## CONCLUSION

The Plaintiff requests that the Court deny the Defendants' relief as prayed.

Dated: June 17, 2020                                Respectfully Submitted,

s/Teressa L. Webster
Teressa L. Webster, OBA #30767
Legal Aid Services of Oklahoma, Inc.
530 Court Street
Muskogee, Oklahoma 74401
Telephone: 918-683-5681
Facsimile: 918-683-5690
Email: Teressa.Webster@laok.org
*Attorney for the Plaintiff,* Judy McAdoo

## CERTIFICATE OF SERVICE

      I hereby certify that I served a true and correct copy of the foregoing amended motion on the Defendants' counsel by electronic transmission through the Court's Electronic Filing Case Management System.

Dated: June 17, 2020

Elaine R. Turner, eturner@hallestill.com
Lindsay N. Kistler, lkistler@hallestill.com
*Attorneys for the* Vici Defendants

                              *Attorney for the Plaintiff,*
                              *Ms. Judy McAdoo*

                              s/ Teressa L. Webster
                              Teressa L. Webster OBA #30767
                              LEGAL AID SERVICES OF OKLAHOMA, INC.
                              530 Court Street
                              Muskogee, Oklahoma 74401
                              Telephone:  (918) 683-5681
                              Facsimile:  (918) 683-5690
                              Email:      Teressa.Webster@laok.org